<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4329**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OSCAR ALCIDES-MENDEZ,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:13-cr-00631-HMH-4)

Submitted:  November 25, 2014     Decided:  December 11, 2014

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Andrew Burke Moorman, Sr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Alcides-Mendez pled guilty to one count of conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2012). The district court sentenced Alcides-Mendez to 130 months' imprisonment. Alcides-Mendez timely appeals his sentence, arguing that the district court (1) erred in applying a three-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b); (2) should have granted him safety valve relief under USSG § 5C1.2; and (3) failed to adequately inquire into a presentence conflict between Alcides-Mendez and his counsel. Finding no error, we affirm.

Alcides-Mendez's argument regarding the three-level enhancement is two-fold: first, he contends that the district court failed to make factual findings supporting the enhancement, and second, he asserts that the evidence does not support application of the enhancement. To permit meaningful appellate review, a district court should make factual findings when ruling on a disputed Sentencing Guidelines enhancement. See Fed. R. Crim. P. 32(i)(3)(B) (providing that, at sentencing, the district court "must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary"); United

2

States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010) ("[A] sentencing court must provide a sufficient explanation of its rationale in making factual findings to support its calculation of a defendant's Guidelines range."). A district court may satisfy this requirement, however, by adopting factual findings in the record, so long as it is clear what disputed issues are resolved. United States v. Bolden, 325 F.3d 471, 497 (4th Cir. 2003). Here, following the Government's arguments in favor of the enhancement, the district court adopted the facts as summarized by the Government. Accordingly, the district court properly established its factual basis for applying the disputed enhancement.

As to the second aspect of the enhancement challenge, Alcides-Mendez argues that the Government offered insufficient evidence to sustain the enhancement. Under USSG § 3B1.1(b), a three-level enhancement is warranted if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." A district court's "ruling regarding a role adjustment is a factual determination reviewed for clear error." United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). Alcides-Mendez concedes that the conspiracy involved five or more participants, challenging only whether he was a manager or supervisor. The three-level enhancement is applicable if the

3

defendant managed or supervised at least one other participant in the conspiracy. United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

Evidence considered by the district court revealed that Alcides-Mendez recruited a coconspirator to transport cocaine on Alcides-Mendez's behalf and at his direction. Evidence was further offered that Alcides-Mendez determined how much cocaine his recruit would transport on any given trip, arranged the travel logistics, and paid his recruit on a flat, by-the-trip basis, much like one would pay an employee. Based on this evidence, the district court did not clearly err in ruling that a preponderance of the evidence supported the conclusion that Alcides-Mendez was a manager or supervisor over at least one participant in the conspiracy.

The conclusion that Alcides-Mendez was a manager or supervisor is dispositive on the second issue, whether Alcides-Mendez was eligible for safety valve relief. Pursuant to USSG § 5C1.2(a)(4), a defendant is eligible for sentencing under the safety valve only if "the defendant was not an organizer, leader, manager, or supervisor of others in the offense." Accordingly, the district court properly denied safety valve relief.

Finally, Alcides-Mendez argues that the district court failed to make proper inquiry into a conflict he had with his

attorney prior to sentencing that resulted in his inadequate understanding of the presentence report. The record belies this claim, however, and reflects that the district court did explore this issue and found that counsel provided Alcides-Mendez with a full explanation of the report. Therefore, this claim warrants no relief.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED